**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEBORAH SCOTT,  )<br>            )<br>    Plaintiff,  )<br>            )<br>  vs.       )<br>            )<br>ASSURED PARTNERS OF MISSOURI,  )<br>LLC,          )<br>            )<br>    Defendant.  ) | Case No. 4:20-cv-727 MTS |

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion to Dismiss, Doc. [18], which has been fully briefed and is ready for adjudication. Defendant seeks to have this case dismissed with prejudice under Fed. R. Civ. P. 41(b) due to Plaintiff's alleged failure to prosecute. The Defendant claims, and appears to be correct, that it was not properly served in state court prior to it removing the case to this Court. Once ninety days passed after removal with no activity in the case in this Court,[1] the Court ordered Plaintiff to serve Defendant or make proof of service to the Court within thirty days. Doc. [15]. Plaintiff then served Defendant within just four days. *See* Doc. [20].

"Dismissal with prejudice under Fed. R. Civ. P. 41(b) is a drastic sanction which should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1290 (8th Cir. 1983). If the plaintiff puts forward an excuse for delay that "is anything but frivolous," then the defendant must "show at least some actual prejudice" to justify dismissal. *Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734, 739 (8th Cir. 2009). Plaintiff has put forth non-frivolous excuses for the delay. Defendant, however, has not put forth how it was prejudiced. Instead, it put forth only theoretical

---

[1] Ostensibly, Plaintiff believed it had served Defendant properly in Missouri state court.

possibilities of prejudice, which will not suffice.[2] *Id.* at 740 (noting an excuse, "weak though it may [ ] be[ ]," triggers a defendant's "obligation to come forth with some evidence of actual prejudice."). Since the Defendant has pointed to no actual prejudice, the Court will not impart Rule 41(b)'s drastic sanction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [18], is **DENIED**.

Dated this 9th day of November, 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that Defendant was aware of this lawsuit prior to receiving proper service. Defendant, though, does not volunteer just how long it knew about this suit. Its actual knowledge of the suit cuts against any argument of theoretical prejudice, even if theoretical prejudice were enough.